UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00017-JSD |
| | ) | |
| NELSON D. ERAVI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 civil rights action was dismissed on June 17, 2025, for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  [Docs. 9, 10]. Plaintiff did not file an appeal.  Now before the Court are two motions from self-represented Plaintiff James Woodson: a motion for return of funds and a motion for reconsideration of dismissal.  [Docs. 12, 13].  For the reasons explained below, both motions will be denied.

### Motion for Return of Funds

On February 10, 2025, Plaintiff initiated this action without paying the filing fee or filing a motion to proceed *in forma pauperis*.  On February 11, 2025, the Court directed him to do one or the other if he wished for the case to proceed.  [Doc. 4].  Soon after, Plaintiff filed a motion to proceed *in forma pauperis* with a certified prison inmate account statement.  [Doc. 5].  A couple of weeks later, Plaintiff paid $350 towards the filing fee.  [Doc. 6].  Over two months later, when this case came before the Court for review, Plaintiff's motion to proceed *in forma pauperis* was still pending with the Court.

Based on Plaintiff's financial information, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered that no further payments toward the filing fee were required.

[Doc. 9 at 2-3].  As explained in detail in the Court's dismissal order, the fee for bringing a civil action is $405, which includes a statutory filing fee of $350 and an administrative fee of $55. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1914(b); Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule (issued in accordance with 28 U.S.C. § 1914) (effective on Dec. 1, 2023).  However, the Judicial Conference expressly provided that the additional $55.00 "fee does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915."  *Id.*  As such, since Plaintiff had already paid the statutory filing fee of $350 and the Court was granting his motion to proceed *in forma pauperis*, no further payment was required.

Ten days after Plaintiff's motion to proceed *in forma pauperis* was granted and this case was dismissed, Plaintiff filed a motion seeking return of the filing fee, specifically a "partial payment of $55.00 … because the Court ordered that no further payments be required."  [Doc. 12 at 1].  As of the date of this Order, the Court's finance department reports that the only payment made in this case was the $350 received on March 3, 2025, before this case was dismissed.  [Doc. 6].  Because the Court never received a $55 payment for the administrative fee from Plaintiff, his motion to return this fee will be denied.

### Motion for Reconsideration of Dismissal

Almost two months after dismissal of this matter, Plaintiff filed a motion for reconsideration of dismissal under Federal Rule 60(b).  [Doc. 13 at 1].  Plaintiff requests "substantial time for refiling" this case, arguing that since the case was dismissed without prejudice, a new suit can be brought based on the same cause of action.  [*Id.* at 2].  He seeks relief under Rule 60 based on newly discovered evidence, alleging that with the help of

witnesses, Plaintiff discovered that the State of Missouri does not have a "COMPLIABLE TEST

that test[s] for SYNTHETIC CANNABINOID."  [*Id.* at 1-2].

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate

showing of exceptional circumstances."  *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320

F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).  Rule 60(b) is not intended to be a vehicle for

seeking reconsideration of merit arguments that were previously considered by the court.

*Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Here, Plaintiff's case was dismissed after a lengthy and through review of his pleadings

under 28 U.S.C. § 1915(e)(2)(B).  [Doc. 9].  One of the arguments in Plaintiff's Complaint was

that he received a false conduct violation based on a confiscated piece of paper from his pocket

testing positive for synthetic marijuana.  Plaintiff asserted that "no field test for synthetic

marijuana is available," citing unpersuasive legal sources.  [*Id.* at 4, 10-11].  Plaintiff appears to

be asserting the argument that the test done on the paper found in his pocket was unreliable,

based on alleged newly discovered witness evidence.  This evidence seems to be that a "credible

competent witness" told Plaintiff that a urine analysis test kit was used and that there are no
further samples available for retesting.  [Doc. 13].

Based on Plaintiff's stated new evidence and the arguments in his motion, the Court will
not grant relief from judgment under Rule 60(b).  This new evidence would not change the
analysis in the dismissal order issued by this Court.  Furthermore, there is no reason to believe
that this new evidence couldn't have been discovered with reasonable diligence at an earlier date.
But overall, Plaintiff is asserting this evidence to seek reconsideration of a merit argument that
was previously considered by the Court, and that is not allowed under Rule 60(b).  Finally, there
is no showing of exceptional circumstances that justify extraordinary relief.  As such, for all
these reasons, the Court will deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for return of funds [Doc. 12] is
**DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of dismissal
[Doc. 13] is **DENIED**.

Dated this 7th day of January, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE